UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE SHADUR**

**MAGISTRATE JUDGE NOLAN**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **08 CR 341** |
| ) | |
| vs. ) | Violations: Title 18, United States |
| ) | Code, Section 1343 |
| LORIS YOUNG, ) | |
| also known as Lois Young ) | |

**F I L E D**

APR 2 4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL JUNE 2007 GRAND JURY charges:

1. At times material to this indictment:

    a. The Social Security Administration ("SSA") was an agency of the United States, as defined in Title 18, United States Code, Section 6, that administered the payment of benefits from the United States of America to individuals who qualified for such benefits under various programs, including the Old-Age and Survivors Insurance ("OASI") program.

    b. The OASI program provided monthly cash benefits to retired individuals who had worked and were insured under the Social Security Act, based on contributions from their earnings, and also provided monthly cash benefits to the surviving family members of such individuals.

    c. One category of benefits authorized under the OASI program was a disability benefit for the surviving spouse of a deceased worker. Such benefits were referred to as "disabled widow's benefits" ("DWB").

    d. For purposes of receiving DWB payments, an individual was considered to be disabled only if he or she could not engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that was expected to result in death or last for a continuous period of not less than 12 months.

  e. Substantial gainful activity was defined as the performance of significant physical and/or mental activities in work for pay or profit, or in work of a type generally performed for pay or profit.

  f. An individual who demonstrated, through services performed or earnings derived from services, an ability to engage in substantial gainful activity could not qualify for DWB benefits.

  g. Individuals who sought benefits from the SSA were required to submit accurate, truthful, and current information to the SSA and, no later than April 2004, defendant received notice of her obligation to notify SSA if her medical condition improved or if she returned to work.

  2. In or about August 1967, the SSA issued Social Security number XXX-XX-5863 to the defendant, LORIS YOUNG, in the name "Loris Young."

  3. In or about July 1974, the SSA issued Social Security number XXX-XX-8334 to the defendant, LORIS YOUNG, in the alias name "Lois Young."

  4. Beginning in or around November 2000 and continuing to in or around June 2007, at Maywood, in the Northern District of Illinois, Eastern Division, and elsewhere,

LORIS YOUNG,
also known as Lois Young,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud the SSA and to obtain money by means of materially false and fraudulent pretenses, representations, and material omissions, which scheme is further described in the following paragraphs:

  5. It was part of the scheme that on or about November 27, 2000, LORIS YOUNG applied for DWB payments using the name Loris Young and Social Security number XXX-XX-

5863, and falsely represented in her application that she had not worked in the past two years, when in truth and in fact, defendant had been working and continued to work at Maywood Park Trotting Association, Inc.

6. It was further part of the scheme that beginning in 1992 and continuing through July 23, 2003, defendant LORIS YOUNG worked at Maywood Park Trotting Association Inc. using the alias "Lois Young" and Social Security number XXX-XX-8334.

7. It was further part of the scheme that beginning in 2004 and continuing through at least 2006, defendant LORIS YOUNG was self-employed and used the alias "Lois Young" and Social Security number XXX-XX-8334 to report the income from her self-employment.

8. It was further part of the scheme that on or about April 26, 2004, defendant submitted a Report of Continuing Disability Interview (Form SSA-454) to SSA, and falsely represented that she had not worked since becoming disabled on June 30, 2000, when in truth and in fact, defendant worked at Maywood Park Trotting Association, Inc. from 1992 through July 2003.

9. It was further part of the scheme that, from in or about November 2000 to in or about June 2007, defendant LORIS YOUNG intended to and did cause the United States government, through the SSA, to suffer losses in the form of monthly DWB payments totaling approximately $47,451.50, to which defendant knew she was not entitled.

10. It was further part of the scheme that defendant LORIS YOUNG concealed, misrepresented and hid, and caused to be concealed, misrepresented and hidden, the existence and purpose of the scheme and acts done in furtherance of the scheme.

11.  On or about May 2, 2003, at Oak Brook, in the Northern District of Illinois, Eastern Division and elsewhere,

**LORIS YOUNG,**
also known as Lois Young

defendant herein, for the purpose of executing and attempting to execute the scheme described above, knowingly caused to be transmitted in interstate commerce from Dallas, Texas to Oak Brook, Illinois, by means of wire communication, certain signs, signals and sounds, namely, an electronic transmission of payment instructions relating to a DWB payment in the amount of $593.00 credited to defendant YOUNG's bank account at Oak Brook Bank in Oak Brook, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 10 of Count One of this indictment are realleged and incorporated as though fully set forth below here.

2. On or about May 3, 2007, at Chicago, in the Northern District of Illinois, Eastern Division and elsewhere,

LORIS YOUNG,<br>also known as Lois Young

defendant herein, for the purpose of executing and attempting to execute the scheme described above, knowingly caused to be transmitted in interstate commerce from Dallas, Texas to Chicago, Illinois, by means of wire communication, certain signs, signals and sounds, namely, an electronic transmission of payment instructions relating to a DWB payment in the amount of $668.00 credited to defendant YOUNG's bank account at MB Financial Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 10 of Count One of this indictment are realleged and incorporated as though fully set forth below here.

2. On or about June 1, 2007, at Chicago, in the Northern District of Illinois, Eastern Division and elsewhere,

LORIS YOUNG,
also known as Lois Young

defendant herein, for the purpose of executing and attempting to execute the scheme described above, knowingly caused to be transmitted in interstate commerce from Dallas, Texas to Chicago, Illinois, by means of wire communication, certain signs, signals and sounds, namely, an electronic transmission of payment instructions relating to a DWB payment in the amount of $668.00 credited to defendant YOUNG's bank account at MB Financial Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2007 GRAND JURY further alleges:

1.  The allegations contained in Counts One, Two and Three of this indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  As a result of her violation of Title 18, United States Code, Section 1343, as alleged in Counts One, Two and Three of this indictment,

LORIS YOUNG,
also known as Lois Young

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3.  The interest of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) includes, but is not limited to, approximately $47,451.50.

4.  If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

   (a)   Cannot be located upon the exercise of due diligence;

   (b)   Has been transferred or sold to, or deposited with, a third party;

   (c)   Has been placed beyond the jurisdiction of the Court;

   (d)   Has been substantially diminished in value; or

   (e)   Has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY